Thomas E. Duckworth (SBN 152369)
**DUCKWORTH & PETERS LLP**
369 Pine Street, Suite 410
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: Tom@duckworthpeters.com

Dena Narbaitz (SBN 176556)
**DLN Advisors, Inc.**
1016 Munich Street
San Francisco, CA 94112
Telephone: (415) 515-9110
Facsimile: (415) 918-6033
E-mail: dena@dlnadvisors.com

Attorneys for Plaintiff Patrick Garcia

# UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Garcia,<br><br>   Plaintiff,<br><br>v.<br><br>Praxair, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination – Termination of Employment (California Government Code § 12940(a).)**<br>2. **Disability Discrimination – Failure to Accommodate (California Government Code § 12940(m).)**<br>3. **Disability Discrimination – Failure to Engage in the Interactive Process (California Government Code § 12940(n).)**<br>4. **Wrongful Termination in Violation of Public Policy against Defendant**<br>5. **Labor Code §§ 6310 against Defendants**<br>6. **Labor Code § 1102.5 against all Defendants** |

- 1 -
COMPLAINT FOR DAMAGES

7. **Failure to Pay Overtime Wages in violation of Labor Code § 510(a) against All Defendants**
8. **Violation of California Labor Code § 201 As to All Defendants**

<u>**JURY DEMANDED**</u>

## GENERAL ALLEGATIONS

1. Plaintiff Patrick Garcia (hereinafter "Garcia") is a resident of Madera, California.

2. At all times relevant herein, defendant Praxair Inc. (hereinafter "Praxair" or "Defendant") is and was a Delaware Company doing business throughout California, with its headquarters in Danbury, Connecticut. Praxair is an industrial gas company. Garcia worked for Praxair primarily in the Central Valley of California.

3. On October 17, 2016, Praxair hired Garcia as a Standard Plant Technician/Field Service Technician assigned to be the sole Praxair employee responsible for keeping Praxair's Chowchilla, California plant running around the clock to produce oxygen for Praxair's client, Certain Teed Corporation ("Certain Teed"). Garcia was paid hourly and was on call 24 hours a day, which restricted his ability to perform personal activities such travel with his family, got to movies, fish or camp because he was required to return to work within forty-five minutes to an hour after a call from the Company. When not physically working at the Chowchilla plant, Garcia was required to carry his business cell phone and answer any calls regarding the Chowchilla plant. He was also required to respond to e-mails after hours on his Company issued computer. If needed, the Company required Garcia to report to the Chowchilla plant within forty-five minutes to an hour to ensure Praxair's client, Certain Teed, did not experience a shut-down of facilities. Moreover, Garcia could not easily trade his on-call duties. Garcia was responsible for locating another employee to cover his on-call duties and Praxair only had a two Plant Technicians, who resided as far away as Roseville and Tehachapi, California and were generally not available.

4. On approximately February 2, 2017, Garcia showed his supervisor, who was visiting the Chowchilla plant, an issue with a valve on one of the pipes in the plant. Garcia's supervisor

DUCKWORTH & PETERS LLP
369 Pine Street, Suite 410
San Francisco, CA 94104

gave Garcia instructions on how to reach the valve needing repair. His supervisor instructed Garcia to balance himself on a motor, which had a curved and slippery surface, or use a ladder to reach the valve. Garcia was too big to stand stable on the motor and reach overhead to work on the valve, so he used the ladder as instructed by his supervisor.

5. On February 6, 2017, Praxair assigned Garcia to work alone to repair the valve he discussed with his supervisor. This assignment required Garcia position the ladder in and around pipes around the valve. While performing his work duties, the ladder slid causing Garcia to fall approximately six feet, striking a pipe on his way to the ground. For over five hours, Garcia remained on the ground, suffering through an extended loss of consciousness. While conscious, he tried to reach emergency services, his supervisor and Certain Teed's manager. Garcia was ultimately found by a Certain Teed's manager - not by Praxair -- and taken to the hospital by ambulance.

6. While he was in the hospital, Garcia was questioned by Diana West, Praxair's S&ES Field Specialist for Northern California, and he described the unsafe working conditions at Praxair.

7. After being released from the hospital, Garcia was contacted by a California's Occupational Safety and Health Administration ("Cal/OSHA") Safety Engineer, who Garcia met with to describe the unsafe working conditions that led to his injuries.

8. As a result of the fall, Garcia suffered a Traumatic Brain Injury ("TBI"), with bilateral subdural hematomas, and injuries to his left upper extremities, including neuropraxia caused by him remaining on the ground for over five hours, until he was found by Praxair's customer. Garcia suffered from pain and a decreased range of motion in his left shoulder and arm, a left-side facial droop, and a myriad of symptoms as a result of the TBI, including impaired memory, difficulty with concentration and sleeping, impaired balance, dizziness, headaches, light sensitivity and fatigue. Immediately following the injury, Garcia was not able to work. He filed a workers' compensation claim and began treatment on February 16, 2017, with Anthony

Bianchi, M.D. from Urgency Med, a Praxair-approved medical provider for workers' compensation injuries.

9. From approximately March 16, 2017, through June 14, 2017, Garcia received physical therapy treatments for his left upper extremity injuries. During this period, Garcia told Praxair that he wanted to return to work. On May 1, 2017, Dr. Bianchi certified that Garcia was able to return to work on modified duty.

10. On March 24, 2017, Dr. Bianchi recommended inpatient treatment at the Centre for Neuro Skills ("CNS") in Bakersfield, California to treat Garcia's Traumatic Brain Injury. The dates of recommended treatment were March 30, 2017, through May 14, 2017. Praxair's workers' compensation insurance carrier denied this treatment claiming it was not necessary. Garcia appealed the denial, which was overturned through an independent medical review. This denial and appeal process delayed Garcia's treatment for his Traumatic Brain Injury for over two months.

11. From June 21, 2017, through July 20, 2017, Garcia was an inpatient at CNS to treat his Traumatic Brain Injury. Goals of this treatment were to improve cognitive and memory skills, including returning to work and driving. Through the CNS treatment, Garcia showed vast improvement. Prior to entering CNS, On June 13, 2017, Dr. Bianchi certified that Garcia could return to work doing light work with left arm and no work at heights. After he left CNS, Garcia told Praxair he wanted to return to work.

12. On July 20, 2017, Dr. Bianchi recommended another course of treatment with CNS to take place on August 4, 2017, through September 18, 2017. At the same time, Dr. Bianchi certified that Garcia could return to light duty work with no work at heights. Once again, Praxair's insurance carrier denied the treatment, forcing Garcia to file another appeal. On September 15, 2017, the denial was overturned, but - due to Praxair's insurance company's denial of needed care - Garcia's Traumatic Brain Injury treatment was delayed for a second time.

13. On August 7, 2017, Cal/OSHA issued a citation against Praxair for the work conditions present during Garcia's February 6, 2017, injury.

14. On August 29, 2017, after Cal/OSHA's citation and, while Garcia's second appeal to enable him to receive treatment for his Traumatic Brain Injury was pending, Praxair's Senior Human Resources Manager, Melissa Angelovski, sent Garcia a letter.  In her August 29th letter, Ms. Angelovski stated that Praxair had been advised that Garcia's medical leave of absence had been denied along with his Long-Term Disability ("LTD") benefits.  Ms. Angelovski also informed Garcia, "you will be separated from employment effective August 30, 2017 unless (sic) you provide us with information by September 8, 2017 demonstrating that you are able to return to work and perform the essential functions of your position (with or without reasonable accommodation) and/or will be able to do so in the foreseeable future."  Prior to this letter, Praxair had not made any reference to a reasonable accommodation or essential job functions. Indeed, Praxair did not explain the process of returning to work with a disability or requesting an accommodation or engaging in the interactive process.  All Garcia knew was that he wanted to return to work and his doctors were stating he could.   Garcia did not understand Ms. Angelovski's letter and was confused, particularly because he had been deemed able to return to modified duty since May 17, 2017 and was appealing Praxair's denial for him to receive Traumatic Brain Injury treatment.

15. After receiving Ms. Angelovski's letter on approximately September 5, 2017, Garcia called Ms. Angelovski.  During this telephone conversation, Ms. Angelovski told Garcia that he had to either move to LTD through Aetna or come back to work because six months had passed since Mr. Garcia's injury.  She told him that Praxair needed to know his status soon or Praxair would have to move forward with termination.   Garcia said he was waiting for additional treatment through workers' compensation.   Garcia also explained that he wanted to return to work and his doctor expected a full recovery.  Ms. Angelovski told Garcia that she would give him until September 15, 2017, to provide Praxair with information from his doctor stating that Garcia would return to work or seek LTD.  Ms. Angelovski asked Garcia to email information from his doctor directly to her.  At no time during this call, did Ms. Angelovski explain what her August 29th letter meant by "reasonable accommodation" or "essential functions."

- 5 -
COMPLAINT FOR DAMAGES

16. On September 8, 2017, the Cal/OSHA issued a second citation against Praxair for the work conditions present during Garcia's February 6, 2017, injury.

17. On September 11, 2017, Garcia provided Praxair with the medical documents Ms. Angelovski requested. He emailed to Ms. Angelovski a copy of Dr. Bianchi's September 5, 2017, Doctor's PR-2 Report. Dr. Bianchi 's September 5, 2017, PR-2 report -- much like all of the Work Status Reports given to Praxair 's workers' compensation provider since May 17, 2017 -- certified that Garcia could work in a modified duty capacity. His work restrictions were: "No work at heights, moderate left arm work. Lifting limit 40 pounds." Notably, Garcia's job as a Standard Plant Technician/Field Service Technician did not typically require him to work at heights or lift items over 40 lbs.

18. On September 24, 2017, Garcia emailed Ms. Angelovski to provide her with an updated status on his ability to work. This Work Status Report was dated September 5, 2017 and showed that Garcia was able to work with the same work restrictions stated in Dr. Bianchi's September 5th Doctor's PR-2 Report: 40-pound lifting limit and no work at heights and moderate use of left arm.

19. On October 18, 2017, Garcia emailed his supervisor, Steven Fog, to provide him with an updated status on his ability to work. This Work Status report was dated October 17, 2017 and showed that Garcia was able to work with the less work restrictions than were stated in Dr. Bianchi's September 5, 2017 Work Status Report. As of October 17, 2017, Garcia's work restrictions were 40-pound lifting limit and no work more than 5 feet in height and moderate use of left arm. Garcia was going to be re-evaluated by Dr. Bianchi on November 28, 2017.

20. On October 27, 2017, Ms. Angelovski sent Garcia another letter. In her letter, Ms. Angelovski told Garcia that his Short-Term Disability benefits had terminated on March 6, 2017, and he had been on an "unpaid personal leave" since March 7, 2017. She also stated that given documentation indicating his work restrictions would last until "at least November 28, 2017," Praxair cannot "extend your unpaid personal leave any longer." Ms. Angelovski's letter ended with "Your employment will be terminated effective November 7, 2017, unless we receive

- 6 -
COMPLAINT FOR DAMAGES

documentation from your doctor demonstrating that you are able to return to work and perform the essential functions of your position (with or without reasonable accommodation) and/or will be able to do so in the foreseeable future."

21. Garcia is informed, believes and thereon alleges that Praxair terminated his employment on November 7, 2017. Garcia filed a charge with the Department Fair Employment and Housing on October 5, 2018, and received his right to sue letter on the same day. Garcia is filing this complaint within one year of receiving his right to sue letter.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Disability Discrimination – Termination of Employment**
**(California Government Code § 12940(a).)**

22. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

23. At all times relevant to this Complaint, the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on the Defendant.

24. Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of the employee's physical disability.

25. Pursuant to Government Code §§ 12926 and 12926.1, Garcia had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by Praxair.

26. Garcia's physical disability was a motivating factor in Praxair's decision to terminate his employment.

27. As a direct and proximate result of Defendant's wrongful conduct, Garcia has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

COMPLAINT FOR DAMAGES

28. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Garcia with malice, oppression, fraud, and with willful and conscious disregard of Garcia's rights, entitling Garcia to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set for below.

## SECOND CAUSE OF ACTION
### Disability Discrimination – Failure to Accommodate
### (California Government Code § 12940(m).)

29. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

30. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

31. Pursuant to Government Code § 12940(m) it is unlawful for an employer to fail to grant a reasonable accommodation to an employee with a disability.

32. Pursuant to Government Code §§ 12926 and 12926.1, Garcia had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by the Defendant.

33. As set forth above, Praxair received work status reports that allowed Garcia to return to work with a reasonable accommodation and Garcia told Praxair that he wanted to return to work. The Defendant failed and refused to grant Garcia any reasonable accommodation(s).

34. As a direct and proximate result of Defendant's wrongful conduct, Garcia has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

35. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Garcia with malice, oppression, fraud, and with willful and conscious disregard of Garcia's rights, entitling Garcia to an award of punitive damages. The Defendant's

conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set for below.

### THIRD CAUSE OF ACTION
**Disability Discrimination – Failure to Engage in the Interactive Process**
**(California Government Code § 12940(n).)**

36. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

37. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

38. Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in the interactive process after a reasonable accommodation is requested by an employee or after it becomes apparent to the employer that an employee's physical disability is impeding the employee's ability to carry out the essential functions of her job.

39. Pursuant to Government Code §§ 12926 and 12926.1, Garcia had a physical disability, a record of physical disability, and/or was perceived or treated as having a physical disability by the Defendant.

40. As set forth above, Praxair received work status reports that allowed Garcia to return to work with a reasonable accommodation. Despite these reports, the Defendant failed and refused to grant Garcia any reasonable accommodation(s).

41. Garcia requested a reasonable accommodation. The Defendant failed and refused to respond to those requests and failed and refused to engage in a timely, good faith interactive process. In addition, the Defendant failed to initiate the interactive process after it was aware that Garcia had a physical disability, a record of physical disability, and/or was perceived or treated as having a physical disability by the Defendant.

42. As a direct and proximate result of Defendant's wrongful conduct, Garcia has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

43. In doing the things alleged herein, Defendant's conduct was despicable, and Defendants acted toward Garcia with malice, oppression, fraud, and with willful and conscious disregard of Garcia's rights, entitling Garcia to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set for below.

## FOURTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy against Defendant)

44. Garcia incorporates by reference the preceding paragraphs as though fully set forth herein.

45. It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory manner on the basis of a disability. This public policy is embodied in, inter alia, the California Government Code, and the corresponding California Code of Regulations.

46. It is also the public policy of the State of California to purpose of assuring safe and healthful working conditions for all workers as embodied in, inter alia, Labor Code § 6300 et seq. and the corresponding California Code of Regulations.

47. The Defendant's decision to terminate Garcia was motivated at least in part by the (a) the Defendant's failure or refusal to provide Garcia with a reasonable accommodation, (b) the Defendant's failure or refusal to engage in the interactive process, (c) Garcia's disability; and/or (d) Garcia's reporting to Cal/OSHA and Praxair the unsafe condition that caused his injuries.

48. As a direct and proximate result of the Defendant's wrongful conduct, Garcia has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

COMPLAINT FOR DAMAGES

49. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendants acted toward Garcia with malice, oppression, fraud, and with willful and conscious disregard of Garcia's rights, entitling Garcia to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set for below.

### FIFTH CAUSE OF ACTION
(Labor Code §§ 6310 against Defendants)

50. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Garcia engaged in protected activity by verbally reporting his concerns about unsafe conditions to Cal/OSHA and his employer that resulted in his suffering serious injuries due to those unsafe conditions at the workplace.

52. Garcia suffered an adverse employment action by Praxair when Praxair terminated his employment in violation of Labor Code § 6310(a) and (b) because he reported unsafe conditions to Cal/OSHA and management representatives at Praxair.

53. As a result of defendants' unlawful conduct as herein alleged, Garcia has suffered substantial damages, including lost salary, lost benefits, lost bonuses, emotional distress and other consequential damages, all in an amount to be proven at trial.

54. Pursuant to California Labor Code Section 6310(b), Garcia is entitled to reinstatement and reimbursement for lost wages and work benefits from the date of his termination.

55. The aforementioned conduct of defendants was oppressive and malicious, thereby entitling plaintiff to an award of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

WHEREFORE, Garcia prays for judgment against defendants as set forth below.

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION
(Labor Code § 1102.5 against all Defendants)

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Garcia engaged in protected activity by reporting the unsafe work conditions that caused him significant injuries to Cal/OSHA and his employer.

58. Praxair's conduct as alleged in this complaint violates California Labor Code § 1102.5 et seq., prohibiting retaliation against an employee for disclosing information the employee reasonably believes to be a violation of a statute, regulations, ordinances or rules to a person with authority over the employee.

59. Garcia suffered adverse employment action by Praxair when he was subjected to intimidation, harassment and ultimately termination in retaliation for reporting and making the foregoing complaints, in violation of California Labor Code Section 1102.5(b) and (c).

60. Garcia alleges that his reporting to Cal/OSHA and his employer the unsafe work conditions were contributing factors in Praxair's decision to terminate his employment.

61. As a result of defendant's unlawful conduct as herein alleged, Garcia has suffered substantial damages, including lost salary, lost benefits, lost bonuses, emotional distress and other consequential damages, all in an amount to be proven at trial.

62. The aforementioned conduct of defendant was oppressive and malicious, thereby entitling plaintiff to an award of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

WHEREFORE, Garcia prays for judgment against defendants as set forth below.

## SEVENTH CAUSE OF ACTION
(Failure to Pay Overtime Wages in violation of Labor Code § 510(a) against All Defendants)

63. Garcia hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

64. This cause of action is brought pursuant to California Labor Code §510(a).

- 12 -
COMPLAINT FOR DAMAGES

65. At all times relevant herein, the actions complained of occurred in California, thereby bringing it within the provisions of California Labor Code §510(a) et seq., providing that employees must be paid at a higher rate for hours worked in excess of the statutory designation.

66. Defendant failed to pay for the overtime hours he worked which has caused him such harm as to deprive him of his hard-earned wages. Defendant failed to pay Garcia for the overtime he incurred while on-call for the company.

67. As a proximate result of defendant's actions, described in the general allegations, Garcia has suffered the loss of wages.

68. Defendant has also violated Labor Code §203 and as a result Garcia is entitled to waiting time penalties.

WHEREFORE, Garcia prays for judgment against defendants as set forth below.

### EIGHTH CAUSE OF ACTION
(Violation of California Labor Code § 201)
As to All Defendants

69. Garcia incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

70. To date, Defendant has not paid Garcia all of the wages he has earned according to California law.

71. At the time that Garcia left his employment, Garcia had not been paid the compensation he was owed for being on-call as set forth in the general allegations.

72. Defendant's failure to pay the full amount due on termination violates the provisions of California Labor Code §201. Wages are now due and owing to Garcia. Defendant has failed and refused and continue to fail and refuse to pay the amount due. Garcia is also owed other wages, in an amount that will be proven at trial.

73. Defendant's actions constitute a violation of Labor Code §203.

WHEREFORE, Garcia prays for judgment against defendants as set forth below.

- 13 -
COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Garcia prays for judgment as follows:

1. For actual and compensatory damages according to proof pursuant to the applicable laws and regulations and for the exacerbation of his disability;
2. Attorneys' fees and costs pursuant to applicable law including Government Code §12965(b) and Labor Code §§ 218.5 and 1194.3.
3. For punitive damages according to proof at trial;
4. Waiting time penalties under Labor Code § 203;
5. Pre and Post-Judgment interest as permitted by statute or as otherwise awarded by the Court; and
6. For such other relief that the Court may deem just and proper.

Dated: 10/29, 2018         DUCKWORTH & PETERS LLP

                           By: _____,
                               Thomas E. Duckworth
                               Attorneys for Plaintiff Patrick Garcia

## DEMAND FOR JURY TRIAL

Garcia hereby demands trial of this matter by jury.

Dated: 10/29, 2018         DUCKWORTH & PETERS LLP

                           By: _____,
                               Thomas E. Duckworth
                               Attorneys for Plaintiff Patrick Garcia

- 14 -
COMPLAINT FOR DAMAGES